UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL A. NEAL,<br><br>Respondent. | Case No. 10cv2542 IEG (POR)<br><br>ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summons issued to Respondent Michael A. Neal ("Respondent"). On December 14, 2010, the Court issued an order to show cause why the IRS summons should not be judicially enforced. On December 22, 23, and 29, 2010, the IRS attempted to personally serve a copy of the order to show cause, the Government's petition to enforce and the supporting declaration upon Respondent. On December 28, 2010, the IRS mailed a copy of the above referenced documents to Respondent and on December 29, 2010, the IRS handed a copy of the documents to Respondent's roommate, James Preston Mitchell. Respondent did not file a written response to the order to show cause.

The hearing was held on the Government's petition on February 7, 2011, at 10:30 a.m. The Government was represented by Assistant United States Attorney Caroline J. Clark. Respondent did not appear. For the reasons explained herein, the Government's petition to enforce the summons is granted.

///

///

## BACKGROUND

On June 8, 2010, IRS Revenue Officer C. Garcia issued an IRS summons to Respondent. [Declaration of Revenue Officer Marilyn Montgomery in Support of Petition, ("Montgomery Decl."), ¶ 3.] The IRS is conducting an investigation regarding Respondent's income tax liability. The summons relates to the assessment of Respondent's income tax liability for the 2005 tax year. [Id. at ¶¶ 2-3.] On June 10, 2010, Revenue Officer Montgomery served a copy of the summons on Respondent by leaving it at his last and usual place of abode. [Id. at ¶ 4.]

The summons ordered Respondent to appear before the IRS on July 16, 2010 at 10:00 a.m. [Id. at ¶ 5.] On July 16, 2010, Respondent did not appear as directed and did not provide any of the summonsed information. [Id.] The Office of Division Counsel of the IRS subsequently sent a letter to Respondent directing him appear before the IRS on August 23, 2010. [Id. at ¶ 6.] On August 23, 2010, Respondent again failed to appear or provide any of the summonsed information. [Id.] To date, Respondent has not provided the IRS with the testimony and documents requested by the summons. [Id. at ¶ 7.]

On December 10, 2010, the Government petitioned the Court to enforce the summons. On December 14, 2010, the Court set a hearing date for this matter and ordered Respondent to show cause why he should not be compelled to comply with the IRS summons. Respondent did not file a written response to the order to show cause. On February 7, 2011, the Court held a hearing on the order to show cause.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first

1 establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks
2 information relevant to that purpose; (3) seeks information that is not already within the IRS'
3 possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v.
4 United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58
5 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the
6 sworn declaration of the revenue agent who issued the summons that Powell requirements have been
7 met." Id. at 120. Once the government has made a prima facie showing that enforcement of the
8 summons is appropriate, the burden shifts to the respondent to show that enforcement of the summons
9 would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized
10 respondent's burden as a heavy one. Id.

11       The Government's petition and Revenue Officer Montgomery's supporting declaration satisfy
12 all four elements of the Powell standard. First, the IRS is conducting an investigation with respect to
13 the assessment of Respondent's income tax liability for the 2005 tax year. [Montgomery Decl., ¶ 2.]
14 Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code
15 explicitly allows the issuance of a summons for the purpose of determining "the liability of any person
16 for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Thus, the
17 summons was issued for a legitimate purpose. Second, Revenue Officer Montgomery has declared in
18 her affidavit that the information requested by the summons may be relevant to the IRS determination
19 of the collectibility of Respondent's assessed income tax liability. [Id. at ¶ 10.] Third, the IRS does not
20 already possess the testimony, papers, records, and other data sought by the summons issued to
21 Respondent. [Id. ¶ 8.] Finally, the IRS has followed and exhausted all required administrative steps,
22 but Respondent has not complied with the summons. [Id. at ¶ 9.] Thus, the Government has made
23 prima facie showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

25       For the reasons set forth herein, the Government's petition to enforce the IRS summons is
26 GRANTED. Respondent, Michael A. Neal, is directed to appear before the IRS revenue officer
27 appointed by the group manager of Marilyn Montgomery, namely, IRS Revenue Officer Ashley Zielke,
28 or a designee, on *March 11, 2011, at 10:30 a.m.*, at the offices of the Internal Revenue Service located

1  at 880 Front Street, Suite 3295, San Diego, California, and to produce the documents and give testimony
2  as directed in the summons. The Government shall serve a copy of this Order upon Respondent in
3  accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for
4  the Government, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk
5  of Court as soon as practicable.

6  <u>Respondent is hereby notified that failure to comply with this Order may subject him to
7  sanctions for contempt of court.</u>

8  **IT IS SO ORDERED.**

9  DATED: February 8, 2011

10  _____
    IRMA E. GONZALEZ, Chief Judge
11  United States District Court